IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS LUIS GONZALEZ-RIVERA

Petitioner

vs

JUDITH MATIAS, Warden
ROBERTO SANCHEZ-RAMOS, Attorney
General of the Commonwealth of
Puerto Rico

Respondents

CIVIL 07-2005CCC

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition filed on October 23, 2007 by Carlos Luis González-Rivera  (herein after "Petitioner" or "González-Rivera"), a prisoner appearing pro se, and his supporting brief filed on November 7, 2007 (docket entry 3).  Respondents Judith Matías and Roberto Sánchez-Ramos filed a Motion to Strike and Dismiss the Petition on February 9, 2009 (docket entry 32), to which Petitioner filed a Reply in Opposition on February 23, 2009 (docket entry 40).  For the reasons discussed below, the Court DENIES the Motion to Strike and Dismiss the Petition and ORDERS respondents to reply to all the allegations in the  habeas corpus petition in accordance with the Court's prior Order of February 18, 2009 (docket entry 36).

I. BACKGROUND

Petitioner González-Rivera, a state prisoner presently confined in a penal institution of the Commonwealth of Puerto Rico, has filed a pro se application for writ of habeas corpus pursuant to 28 U.S.C. §2254 alleging ineffective assistance of counsel and actual innocence. Petitioner was convicted of various charges of kidnaping as well as weapons law violations. Petitioner was sentenced on June 25, 2002 to a term of eighteen (18) years of imprisonment

CIVIL 07-2005CCC                                    2

to be served concurrently with another sentence of sixty (60) years for unrelated crimes for which he was also convicted.[1]

II. DISCUSSION

Pursuant to federal law, a prisoner who claims that he is being held by the state government in violation of the Constitution or laws of the United States may file a civil lawsuit in federal court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  A federal court's review of a 28 U.S.C. §2254 petition is not a direct review of a state court's decision, but a separate civil suit considered as collateral relief.  The federal habeas corpus is not a constitutional, but rather a statutory relief codified in 28 U.S.C. §2254.

Prisoners in state custody who chose to collaterally challenge their confinement in a federal habeas proceeding are required to comply with the "independent and adequate state ground doctrine."  This doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner has failed to meet a state procedure requirement."  See Yeboah-Sefah v. Ficco, 556 F.3d 53 (1st Cir.  1991), citing Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).  As such, Petitioner must have exhausted within the proper time limits all his state remedies either on direct appeal or through collateral proceedings.  The highest state court available must have a fair opportunity to rule on the merits of each and every claim which petitioner seeks to raise in federal court.  Where a claim was procedurally defaulted by the petitioner in state court, the federal habeas court is barred from reaching the merits of the claim unless the petitioner meets the federal habeas standard for excusing procedural waiver.  Yeboah-Sefah, 566 F.3d at 66.  There is an exception to this rule, however.  When a petitioner has procedurally defaulted a claim by failing to raise it on direct appeal, the claim may be raised in habeas

---

[1]A review of the record sheds little light as to Petitioner's criminal convictions, a matter which must be clarified by Respondents in their response.

CIVIL 07-2005CCC                                3

review only if petitioner can demonstrate "cause" and "actual prejudice," <u>Murray v. Carrier</u>, 477 U.S. 478 at 485 (1986), or that he is "actually innocent." <u>Smith v. Murray</u>, 477 U.S. 527 (1986).  The cause and prejudice test should be applied to all occasions where a procedural default bars litigation of a constitutional claim.  <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).

In the case at hand, Petitioner contends that he did comply with the state ground doctrine through the filing of a Rule 192.1 Motion which he took all the way to the Supreme Court of Puerto Rico and was denied at every level, the final denial being issued by the Supreme Court of Puerto Rico on October 7, 2005 ( <u>see</u> page 7 of docket #1).   In the alternative, Petitioner makes a claim of actual innocence as well as cause and actual prejudice.  Respondents in their response have failed to address this issue.  Instead, they have focused their response and requested dismissal of the action on the theory that Petitioner's motion is untimely.[2]

Timeliness of the filing

Assuming that Petitioner has complied with the first step for a proper filing of a 28 U.S.C. §2254 petition, that is the exhausting of state proceedings, he must still contend with the time limitation contained in §2254.  Section 2244(d)(1) provides that "a 1-year period of limitation shall apply for writ of habeas corpus by a person in custody pursuant to judgment of State court."  The statute states that the one year period starts to run from the latest of four potential occurrences.  These are:  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; the date on which the impediment to filing an application created by state action in violation of the

---

[2]Respondents also allege that because González-Rivera's Petition (docket entry 1) is written in the Spanish language, it contravenes Rule 10(b) of the Local Rules for the District of Puerto Rico and should therefore be dismissed.  However, Respondents fail to note that the memorandum filed by Petitioner (docket entry 3), in which Petitioner details and supports his allegations, is written in the English language.  Therefore,  their claim is moot.

CIVIL 07-2005CCC                              4

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was sentenced on June 25, 2002. He then filed a motion under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure requesting that his plea agreement and sentence be set aside. On March 9, 2005, the Court of First Instance of Aguadilla denied said motion, and Petitioner appealed this decision first to the Puerto Rico Court of Appeals which also denied the petition, and then to the Supreme Court of Puerto Rico. The Supreme Court of Puerto Rico denied Petitioner's Writ of Certiorari on October 7, 2005. Pursuant to §Section 2244(d)(1), Petitioner had one year from October 7, 2005 to file his 28 U.S.C. §2254 petition. As the present petition was filed by González-Rivera on October 23, 2007, as Respondents correctly assert, the same is untimely.

However, the facts surrounding this petition do not end so simply. Petitioner had filed a prior identical 28 U.S.C. §2254 motion with this Court on February 6, 2006, which was assigned the case number 06-1142(JAF). This filing was well within the one-year statute of limitations required by §2241. On December 14, 2006, the Court dismissed the petition without prejudice based on defendant's failure to exhaust all the available state remedies (see docket entry 20 of case number 06-1142(JAF)), a decision which is contrary to settled precedent in this Circuit. See Rodríguez v. Spencer, 412 F.3d 29, 35 n.4 (1st Cir. 2005). Although said judgment was notified by mail to Petitioner on December 14, 2006 (see case docket for 06-1142(JAF)), the docket for case 06-1142(JAF) has an entry dated March 14, 2008 reflecting that the mail sent to Petitioner González-Rivera was returned as undeliverable and was sent yet again to Petitioner (see docket entry 22 of 06-1142(JAF)).

CIVIL 07-2005CCC                              5

This was done one year and three months after the Court had entered its judgment of dismissal without prejudice, thus Petitioner never had the opportunity to appeal the Court's dismissal order.  Petitioner avers that he became aware of the judgment of dismissal on September 12, 2007 (see docket entry 3, at p. 4).  Shortly thereafter, on October 23, 2007, Petitioner Gonzalez-Rivera filed this petition for habeas corpus relief pursuant to 28 U.S.C. §2254, in which he makes several assertions as to why this Court should entertain his petition regardless of whether or not he filed within the one-year time limit as established by section 2241(d)(1).[3]  This Court has read and analyzed Petitioner's claim as well as Respondents' reply and it hereby invokes the doctrine of equitable tolling in order to allow this petition to proceed on its merits.

        Equitable Tolling

        Equitable tolling is a judicially created doctrine "that excuses a late filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered the information he needed in order to be able to file his claim on time."  It may be invoked to extend the limitations period established by a federal statute unless Congress has provided otherwise. Celikoski v. United States, 114 F. Supp.2d 42 at 44(D. Rhode Island 2000), citing Irwin v. Department of Veterans Affairs, 498 U.S. 89 at 95 (1990).

        The presumption that equitable tolling is available is rebutted principally in two situations.  First, deadlines that define the court's jurisdiction may not be equitably tolled.  Second, equitable tolling will not apply where there are other indications that Congress intended to preclude it.  Neverson v. Farquharson, 366 F.3d 32 at 40 (1st Cir. 2004).  The First Circuit in its analysis of whether or not equitable tolling is applicable to section 2244 has stated that "there is no indication in the text of section 2244(d)(1) that the one year deadline

_____

        [3]Petitioner also provides an explanation for the delay in his filing of the present petition.

CIVIL 07-2005CCC                                    6

is jurisdictional or that Congress meant to preclude equitable tolling.  The statute expressly describes the one year term as a 'period of limitation.'"  Neverson at 40.  The Court further stated that the Antiterrorism and Effective Death Penalty Act's legislative history likewise makes clear that Congress intended to create a statute of limitations for habeas claims, not a jurisdictional bar.  Neverson at 40.  The Court went on to hold that "the one year limitations period in section 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases.  Every other circuit to address this question has reached the same conclusion."  Neverson at 41.

        Even where available equitable tolling is normally appropriate only when circumstances beyond a litigant's control have prevented him from filing on time, the First Circuit has granted the equitable tolling relief sparingly in cases of habeas corpus.  Wojcik v. Spencer, 198 F. Supp.2d 1 (D. Massachusetts 2002).  In the case at hand,  Petitioner was unaware of the dismissal without prejudice of his first petition evidenced by the docket sheet which posts the returned mail a year and three months  after the judgment was entered. Meanwhile, González-Rivera filed a second petition for habeas relief on October 23, 2007, that is ten months after his first petition had been dismissed and two years after the Supreme Court of Puerto Rico had denied Petitioner's writ of certiorari.   Petitioner provides an explanation for this late filing and in the alternative invokes both exceptions of cause and actual prejudice as well as a claim of actual innocence.

        As such, the Court finds that Petitioner's request for habeas relief is equitably tolled and, therefore, should proceed on the merits.  Accordingly, respondents'  Motion to Strike and Dismiss the Petition (**docket entry 32**) is DENIED.  Respondents are hereby ORDERED, as they were so advised in docket entry 36, to respond forthwith to all the issues raised by Petitioner and to provide this Court with the supporting documents that will sustain their allegations. It is then that this Court will be in a position to resolve the matter before it. Petitioner's response is due on October 6, 2009.

CIVIL 07-2005CCC                                     7

III. CONCLUSION

      For the reasons stated, the Court concludes that Petitioner Carlos González-Rivera's petition for habeas corpus relief pursuant to 28 U.S.C. §2254 is equitably tolled and should proceed.  Accordingly, it is ORDERED that respondents file their response to the arguments presented in said petition along with all necessary supporting documents by October 6, 2009.

      SO ORDERED.

      At San Juan, Puerto Rico, on September 11, 2009.


                             CARMEN CONSUELO CEREZO
                             United States District Judge