IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS LUIS GONZALEZ-RIVERA

Petitioner

vs                                                          CIVIL 07-2005CCC

JUDITH MATIAS, Warden
ROBERTO SANCHEZ-RAMOS, Attorney
General of the Commonwealth of
Puerto Rico

Respondents

## OPINION AND ORDER

Before the Court is Petitioner Carlos Luis González-Rivera's (hereinafter "Petitioner" or "González") 28 U.S.C. §2254 habeas corpus petition (docket entry 1).   Petitioner, a prisoner appearing pro se, also filed a supporting brief (docket entry 3).  Respondents initially filed a Motion to Strike and Dismiss the Petition on jurisdictional grounds (docket entry 32), to which Petitioner replied (docket entry 40).   The Court proceeded to deny said Motion to Dismiss (docket entry 46) and ordered the respondents to reply to the allegations in the original Petition.  Respondents filed a second Motion to Dismiss the Petition (**docket entry 48**)[1] and Petitioner responded (docket entry 50).   As such,   the matter is ready for disposition.   For the reasons discussed below, Petitioner's request for habeas corpus pursuant to 28 U.S.C. Sec. 2254 is **DENIED**.

## I. BACKGROUND

Petitioner González is a state prisoner presently confined in a penal institution of the Commonwealth of Puerto Rico.  He alleges that due to his mental illness he was not in a proper state of mind to neither understand nor to voluntarily plead guilty to the crimes he was

---

[1] The Court notes that Respondents' reply in fact fails to address all the allegations raised in the section 2254 petition before it.

charged with, and further alleges that due to his mental state he should have been found incompetent to stand trial.   His second allegation is that his confession was illegally obtained by the use of force and threats by the Police of Puerto Rico.  His third allegation is a partial claim of actual innocence where Petitioner alleges that he is not guilty of all the crimes he was charged with and pled to, but  just as to some of them, and that he is guilty of other crimes he has not been charged with.   González' final allegation is that of ineffective assistance of counsel for allowing his guilty plea to proceed given his mental health situation and for not alleging an insanity defense.

González is currently serving several sentences imposed by the First Instance Courts, Superior Parts of Aguadilla, Mayagüez and Guayama.  The issues surrounding this §2254 petition stem from his convictions in the Superior Court of Aguadilla.

The facts as recounted by the Puerto Rico Court of Appeals Aguadilla Region are as follow: On April 27, 2002, Petitioner was arrested in Aguadilla Puerto Rico, for allegedly being a suspect in the commission of several felonies.  Petitioner contends that at his arrest the police agents through threats and use of force coerced him to confess to crimes he did not commit and proceeded to file felony accusations against him using said confession. Petitioner was charged with multiple counts of kidnaping and weapons violations as well as robbery.

On May 8, 2002, a preliminary hearing was held.  At that time Petitioner was represented by attorney Víctor Martínez (herein after "Martínez") of the Legal Aid Society. Probable cause was found against González and arraignment and trial dates were set.[2]

On June 25, 2003, after the case was called for trial, and after consulting with his attorney, Petitioner waived his right to a trial by jury, in writing and verbally.  The Court of First Instance, after examining González, determined said waiver was made freely and

_____

[2]The states record indicates that at all times from the outset to the conclusion of the case Petitioner was represented by attorney Víctor Martínez.

voluntarily and with knowledge of its consequences.[3]  Before the commencement of the bench trial against Petitioner, his attorney informed the Court that Petitioner wished to plead guilty.  Once again the Court of First Instance examined González as to his decision to enter a plea of guilty and found it to be made freely, voluntarily, legally and in an intelligent manner.[4]  As such González was found guilty and convicted.

On the same date, June 25, 2002, Petitioner was sentenced by the Court to two (2) terms of eighteen (18) years for two counts of kidnaping; three (3)  terms of five (5) years each for three (3) separate violations of weapons law; additional two (2) terms of five (5) years for further separate violations of weapons law; a term of five (5) years for aggravated breaking and entry and a term of eight (8) years for robbery.  All sentences were to run concurrent with each other and consecutively with any other sentence being served by Petitioner.[5]  González did not appeal his conviction and sentence.[6]

On February 18, 2005, Petitioner filed, pro se, a Motion Under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure.  In said motion González requested that his plea of guilty and sentence be set aside because they were done in violation of the Constitution and the laws of the Commonwealth of Puerto Rico, the Constitution and laws of the United States; that the sentence is subject to collateral attack for any reason; that at the time of entering his plea of guilty Petitioner was not fit to stand trial; violation of the Sixth Amendment by his counsel; and being innocent of the charges against him.[7]  The Court of First Instance  denied Petitioner's Rule 192.1 motion and on March 21, 2005 González filed

_____

[3]Docket 51 exhibit 2 minutes of court proceeding held on June 25, 2002.

[4]Docket 51 exhibit 2 minutes of court proceedings held on June 25, 2002.

[5]Docket #51 exhibit 3 senences imposed by the Superior Court, Aguadilla .

[6]Dcoket #51 exhibit 5 Resolution by the Court of Appeals Aguadilla Judicial Region.

[7]Docket #51 exhibit 5 Resolution by the Court of Appeals Aguadilla Judicial Region at page 4.

CIVIL 07-2005CCC                                  4

a Writ of Certiorari before the Court of Appeals, Aguadilla Region.  On May 23, 2005, the
Appeals Court denied the Certiorari.[8]

## II. DISCUSSION

Pursuant to federal law, a prisoner who claims being held by the state government in
violation of the Constitution or laws of the United States may file a civil law suit in federal
court seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254.  A federal court's review
of a 28 U.S.C. §2254 petition is not a direct review of a state court's decision.  The petition
is a separate civil suit considered a collateral relief.  The federal habeas corpus is not a
constitutional, but rather a statutory relief codified in 28 U.S.C. §2254.

Prisoners in state custody who choose to collaterally challenge in a federal habeas
proceeding their confinement are required to comply with the "independent and adequate
state ground doctrine."  This doctrine "applies to bar federal habeas when a state court
declined to address a prisoner's federal claims because the prisoner has failed to meet a
state procedure requirement." See Yeboah-Sefah v. Ficco, 556 F.3d 53 (1st Cir. 1991), citing
Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).  Thus, Petitioner must have exhausted
within the proper time limits all his state remedies either on direct appeal or through collateral
proceedings.  The highest state court available must have had a fair opportunity to rule on
the merits of each and every claim which Petitioner seeks to raise in federal court.  Where
a claim was procedurally defaulted by the petitioner in state court, federal habeas court is
barred from reaching the merits of the claim unless the petitioner meets federal habeas
standard for excusing procedural waiver.  Yeboah-Sefah at 66.  There is an exception to this
rule.  When a petitioner has procedurally defaulted a claim by failing to raise it on direct
appeal, the claim may be raised in habeas review only if petitioner can demonstrate "cause"

---

[8]Docket #51 exhibit 5 Resolution of the Court of Appeals Aguadilla Region.

and "actual prejudice," Murray v. Carrier, 477 U.S. 478 at 485 (1986), or that he is "actually innocent." Smith v. Murray, 477 U.S. 527 (1986).  The cause and prejudice test should be applied to all occasions where a procedural default bars litigation of a constitutional claim. Coleman v. Thompson, 501 U.S. 722 (1991).

In the case at hand this Court had previously ruled that Petitioner's request for habeas relief was equitably tolled and therefore should proceed on the merits.[9]  Therefore, the Court will proceed to discuss the arguments raised by González in his Petition.

**A. Petitioner's mental illness rendered him incapable of knowingly and voluntarily enter a guilty plea and further rendered him non-competent to stand trial**

González claims that he suffers from several mental conditions which do not allow him to function properly and further do not allow him to properly understand his actions nor the consequences thereof.  In support of this allegation, Petitioner makes reference to medical records from Our Lady of Lourdes Medical Center in Camden, New Jersey.[10]  Petitioner fails to provide any further evidence or medical record for the time of his conviction which was 2002.

However, the Court of Appeals of Puerto Rico addressed the issue of Petitioner's mental state and health in its Resolution and established the following:

---

[9]Docket entry 46, at page 6.

[10]    Docket entry 41, exhibit 3.  These records are a Discharge Summary for a hospitalization with a date of admission of January 19, 1995 and a date of discharge of January 30, 1995.  Petitioner was admitted primarily for a detoxification of cocaine and heroin abuse.  The document continues to explain that González suffers from seizures, has a history of depression and has had several unsuccessful suicide attempts.  Upon discharge he was referred to an outpatient program.

From the beginning, it must be pointed out that in another criminal process filed before the First nstance Court, Mayagüez Superior Part (the "court"), Mr. González Rivera, raised as defense his mental disturbance.  Pursuant to the above, the Court held a hearing under Rule 240 of Criminal Procedure, 34 L.P.R.A. Ap. II R.240.  During the hearing, the FCI heard the testimony of the State psychiatrist, Dr. Rafael Cabrera, who testified under oath, at the time, that Mr. González Rivera was capable of going to trial for the crimes charged. The Court ordered Our Lady of Lourdes Medical Center Hospital in the state of New Jersey, to provide a copy of the medical record on the mental health of Mr. González Rivera.  In attention to said order, the hospital sent copy of the medical record to the court as well as to Atty. Roldos Matos and to the Mayagüez District Attorney's Office.  Upon finishing the mentioned hearing and after weighing the testimonial and documentary evidence on the mental health background of Mr. González Rivera, the Court concluded that he was able to stand trial.

(See docket entry 51, exhibit 5, pages 5-6).

It seems that throughout Petitioner's comings and goings through the Puerto Rico judicial and penal system he has repeatedly plead guilty to crimes and after being sentenced then files Rule 192.1 motions claiming that his mental illness does not allow him to voluntarily enter into a plea of guilty and that he should be found not competent to stand trial due once again to his mental illness.[11]  In every instance (at least three separate times) in which he has raised this defense, Petitioner based his contention on the records of Our Lady of Lourdes Medical Center without additional support.[12]

The Court further notes that a review of the Minutes of the proceeding held by the Court of First Instance Aguadilla on June 25, 2002, clearly indicate that prior to accepting Petitioner's guilty plea it examined González and found that both his waiver of jury trial and subsequent plea of guilty were "made free, voluntarily, legal and intelligent manner." ( Docket entry 51, exhibit 2 at page 1).  It is the Court of First Instance which has the defendant before it that can best assess the mental state of a defendant prior to entering a guilty plea.  This is always subject to review by the proper appeals court if the defendant raises the issue.  In

---

[11]This is understood for the opinion rendered by the Puerto Rico Court of Appeals, Aguadilla region.

[12]Docket entry 51, Exhibit 5.

the case at hand, Petitioner raised the issue of his mental state in his Rule 192.1 motion, and as previously noted the appellate court went to great lengths in its analysis of Petitioner's mental condition. In fact, such analysis of the appellate court has provided this Court with a complete background of Petitioner through the legal system in Puerto Rico and his various claims of mental incompetency, leaving little doubt as to González' full knowledge and grasp of his situation before the courts as well as his cunning use of the recurrent allegation of mental incompetency.

Petitioner in his Section 2254 petition does not raise any new issue as to his mental competency that was not previously raised by him in his Rule 192.1 motion. He does not question the validity of the findings of the Puerto Rico Court of Appeals when it addresses and analyzed this same issue. He merely restates the same allegation that he has raised throughout his criminal cases in the local system to see if at some point it might stick. Such is not the case. The state court's factual finding are presumed to be correct unless the Petitioner rebuts this presumption of correctness with clear and convincing evidence. Pike v. Guarino, 492 F.3d 61 (1st Cir. 2007). González has simply failed to rebut said presumption.

The state has been allowed the initial opportunity to determine and correct any violation of Petitioner's right. It has analyzed the facts before it and determined that Petitioner's mental competency was adequately assessed and determined by the Superior Court of Aguadilla. This Court is not in a position to revisit or re-assess factual determinations made by a state court; that is not the purpose of a section 2254 petition. (See Teti v. Bender, 507 F.3d. 50 (1st Cir. 2007). The presumption of correctness of a state court's fact finding, on federal habeas corpus petitions, is equally applicable when a state appellate court, as opposed to a state trial court, makes finding of fact. Therefore, Petitioner's first request for relief is DENIED.

CIVIL 07-2005CCC                                          8

## B. Petitioner's confession was coerced by use of force or intimidation

González' second allegation is that the confession used against him which was obtained by the Police of Puerto Rico upon his arrest was done so illegally.  Petitioner claims that he was beaten and threatened and coerced into confessing.  This allegation was never brought before the state courts for review.

As explained above, prisoners in state custody who choose to collaterally challenge in a federal habeas proceeding their confinement are required to comply with the "independent and adequate state ground doctrine".  In the case at hand Petitioner did not raise the claim of coercion of his confession in his Rule 192.1 motion.  Therefore, in order for this Court to be in a position to entertain the claim González must demonstrate "cause" and "actual prejudice."  This he has not done.  Mere blanket assertions of police coercion without further substance and without a proper explanation as to "cause" and "actual prejudice" cannot be entertained by the court.[13]  Hence, González' second allegation is also DENIED.

## C. Petitioner's claim of partial innocence

González' third allegation is that he is not guilty of all the crimes in which  he was convicted, but just in some, as well as in others for which he has not been charged.  This to is a claim which was not raised by Petitioner at the local level.  Nevertheless, since it contains a claim of "partial innocence" the Court is inclined to consider the matter.

González states that he is only guilty of some of the crimes he plead guilty to. However, he makes no distinction as to which crimes he is referring to and the Court has no way of evaluating his contention.  Petitioner was convicted of multiple counts of kidnaping

---

[13]Nonetheless, this Court notes that the likelihood of Petitioner prospering on this allegation is next to none.  González has provided no evidence nor made any reference to the record in order to substantiate the assertion of coercion of his confession.  Without additional support to his bare contention a court can not properly rule in his favor on the matter.

and weapons violations as well as breaking and entry and robbery.  This Court is left in the dark as to which crimes González actually accepts having committed and as to which ones he claims being innocent.

To establish actual innocence, "petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Schulp v. Delo, 513 U.S. 238 at 327 (1995).  Petitioner has failed to make this showing.  González limits his Petition to blanket assertions claiming his innocence without substantiating the allegation.  He does not even proffer new evidence that would allow the claim of actual innocence to be evaluated.  In fact,  his claim is one of "partial innocence" because it is phrased in terms of  "I did not do all the crimes just some of them."  This is clearly not a credible claim of actual innocence where there has been a blatant miscarriage of justice.  Quite to the contrary, it seems just another feeble attempt by Petitioner to try to weasel his way out of a conviction and sentence.  As such, this third allegation is also DENIED.

### D. Ineffective assistance of counsel

Petitioner's final allegation is that of ineffective assistance of counsel.  González alleges that his counsel was ineffective in two areas: first, he allowed his guilty plea to proceed knowing of González' mental condition and second,  he never attempted to raise an insanity defense on behalf of González.

The Sixth and Fourteenth Amendments to the United States Constitution afford a defendant the right to effective assistance of counsel in all state criminal prosecutions which may result in the loss of liberty.  Strickland v. Washington, 466 U.S. 668 (1984).  In order to establish constitutionally ineffective assistance of counsel as a grounds for federal habeas relief, petitioner bears a doubly heavy burden.  Yeboah-Sefah v. Ficco, 556 F.3d 53 at 70 (1st Cir 2009).  First, Petitioner must satisfy the two-prong Strickland standard for establishing constitutionally ineffective assistance of counsel; that is:  (1) deficient performance by

counsel and (2) resulting in prejudice. Yeboah-Sefah at 70. In order to establish that counsel's performance was deficient, a defendant must show that it fell below an objective standard of reasonableness under the circumstances of the case. Strickland at 88. In doing so a "reviewing court must not lean too heavily on hindsight: a lawyer's acts and omissions must be judged on the basis of what he knew, or should have known, at the time his tactical choices were made and implemented." Ouber v. Guarino, 293 F.3d 19 at 25 (1st Cir. 2002). This Court has reviewed the available state record of this case.  It has read the Resolution of the Court of Appeals as well as the minutes of González' proceedings before the Court of First Instance.  There is no indication that counsel's performance fell bellow the applicable standards.  As a matter of fact, the record indicates that all the proper steps, warnings and admonishments were taken prior to Petitioner's change of plea.  This is not a case that if not for the errors of the attorney the fact finder would have had a reasonable doubt respecting guilt.  Strickland at 89.  Simply put, González cannot meet the standard of ineffective assistance of counsel as established in Strickland.

This Court previously stated that ineffective assistance of counsel claims as ground for federal habeas relief bear a doubly heavy burden.  That is because in cases where Petitioner's claim was previously adjudicated on the merits by the state court, Petitioner must also satisfy the AEDPA standard.  Yeboah-Sefah at 70.  Since an ineffective assistance of counsel claim is a mixed question of law and fact, Strickland at 698, it is evaluated under the unreasonable application clause of Section 2254(d).  Williams v. Taylor, 529 U.S. 362 (2000).  Therefore, in order to prevail, González must also demonstrate that the state court's resolution of his ineffective assistance of counsel claim resulted in a decision that involved an unreasonable application of clearly established Federal law. See 28 U.S.C. §2254(d)(1).

Petitioner has a great hurdle to overcome at this stage.  The Court of Appeals, Aguadilla Region, when confronted with the claim of ineffective assistance made the following determination: "the imputations on the inadequate legal representation by attorney

CIVIL 07-2005CCC                                    11

Víctor Martínez, as well as the other writs, must have been brought up in a writ of Certiorari within the terms set forth by law.  Therefore, said arguments become late and moot."(docket entry 51, Exhibit 5 at page 12).  This means that González' claim of ineffective assistance of counsel is procedurally waived and his only recourse is either to allege actual innocence, which has already been discussed in this opinion, or a claim of cause and prejudice which petitioner has not done.  As such Petitioner's final allegation is too DENIED.


**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner **CARLOS GONZALEZ RIVERA's**, petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 must be DENIED. Accordingly, Respondents' Motion to Dismiss (**docket entry 48**) is GRANTED.  Judgment shall be entered DISMISSING this action, with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on August 9, 2010.


S/CARMEN CONSUELO CEREZO
United States District Judge